**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0266-17T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JOSE M. FELICIANO,

    Defendant-Appellant.

_____

Submitted October 17, 2018 - Decided November 9, 2018

Before Judges Accurso and Vernoia.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Indictment No. 09-02-0486.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Jose Feliciano was tried with his younger brother, Jamil Gerena, for offenses they committed over a two-week period in August 2008 with a third man, Isaih Torian, who testified against them. The State alleged defendant and Torian were together in a stolen Toyota Corolla on August 1, when Torian leapt from the car at a gas station and robbed a customer of his wallet at gunpoint; that Gerena and another, unidentified man used the Corolla on August 12 to carjack a doctor at gunpoint in the UMDNJ Hospital parking lot; and that on August 14, the three were in possession of a stolen Nissan Maxima, in which police arrested them and found the gun allegedly used in the other two crimes. Torian later led police to the Corolla, where they found the doctor's checkbook.

Defendant was indicted on charges of second-degree conspiracy to commit robbery, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:15-1; first-degree robbery, N.J.S.A. 2C:15-1; and third-degree receiving stolen property, N.J.S.A. 2C:20-7 (the Toyota Corolla), in connection with the August 1 gas station robbery; and on two counts of third-degree receiving stolen property, N.J.S.A. 2C:20-7 (the handgun and the Nissan Maxima), second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b); and second-degree possession of a handgun for an unlawful purpose, N.J.S.A. 2C:39-4(a), in connection with his August 14

A-0266-17T3

arrest in the Maxima, as well as on charges of using the stolen Maxima to ram a police car and injure the officer driving it. The jury convicted him of second-degree robbery as well as conspiracy and receiving stolen property in connection with the gas station robbery, and of receiving stolen property in the form of the Maxima in which he was arrested. The jury acquitted him of all other charges. Following appropriate merger, the judge sentenced defendant to ten years in State prison, subject to the periods of parole ineligibility and supervision required by the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, on the robbery conviction and to a consecutive five-year term on one of the counts of receiving stolen property and to a concurrent five-year term on the other. We affirmed defendant's conviction and sentence on direct appeal, State v. Feliciano, No. A-2831-11 (App. Div. Apr. 22, 2014) (slip op. at 1-2), and the Supreme Court denied defendant's petition for certification, State v. Feliciano, 222 N.J. 311 (2015).

Defendant filed a timely petition for post-conviction relief (PCR) claiming his trial counsel was ineffective for, among other things, having failed to join Gerena's pre-trial motion for separate trials for the offenses charged on the three separate dates; and for having elicited on defendant's direct examination extensive prior bad act evidence, which the PCR court characterized as having,

allegedly, "severely prejudiced [defendant's] defense by establishing a role for him, as a car thief, with respect to all three criminal events contained in the indictment, including a carjacking for which he was not charged." The court denied the petition without an evidentiary hearing, finding defendant's allegations "too vague, conclusory, and speculative" and that "an evidentiary hearing would not aid the court's analysis."

Specifically, the court found another judge denied "Gerena's motion to sever because he found the three incidents were so intertwined that they became part of the res gestae of each other" and defendant had not provided the court "with any argument as to why [the other judge] would have ruled any differently as to severance in his case." After conducting its own Cofield[1] analysis, the court found a severance motion by defendant likely would have been denied, as his brother's was, noting the State's claim "that failing to join co-defendant Gerena's motion may have been a strategy in order to reserve the argument for post-conviction proceedings." The court dismissed defendant's claim of his counsel's ineffectiveness for eliciting defendant's prior bad acts as merely an attack on trial strategy.

Defendant appeals, reprising the arguments he made to the trial court.

---

[1] State v. Cofield, 127 N.J. 328 (1992).

A-0266-17T3

To succeed on a claim of ineffective assistance, a defendant must establish, first, that "counsel's representation fell below an objective standard of reasonableness" and, second, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). A defendant must do more than demonstrate that an alleged error might have "had some conceivable effect on the outcome of the trial," instead, he must prove that the error is so serious as to undermine the court's confidence in the verdict. State v. Sheika, 337 N.J. Super. 228, 242 (App. Div. 2001) (citing State v. Fritz, 105 N.J. 42, 60 (1987)).

Measured by that standard, we agree defendant has not established he received ineffective assistance as a result of his trial counsel's elicitation of defendant's history as a car thief and counsel's refusal of the court's offer of a limiting instruction regarding the jury's consideration of those prior bad acts. Defense counsel's decision to elicit defendant's history as a car thief was undoubtedly a well-considered strategy, making it "virtually unchallengeable" on PCR. State v. Savage, 120 N.J. 594, 617 (1990) (quoting Strickland, 466 U.S. at 690-91). The best proof of that is the exchange defense counsel had with

the court over its offer of a limiting instruction immediately after the conclusion of defendant's testimony.

> THE COURT: [W]ould anyone like a [N.J.R.E.] 404(b) instruction? . . . [Defense counsel]? I know you elicited all the prior bad act information.
>
> [DEFENSE COUNSEL]: Yes, Judge. I don't know that I have a basis to request it. I mean, yes, the material is there, but it's there at my hand. And so, I don't think I can request it, but candidly, even if I could, I would not be.

A review of the transcripts of this trial makes clear defense counsel's strategy was to argue defendant was a car thief, but not a robber. Defense counsel argued in closing that defendant's willingness to admit to a history of car theft, going so far as to admit to stealing the Maxima with Torian, a crime the State did not charge him with, "suggests that there is credibility in what Mr. Feliciano is here to talk about." A 404(b) instruction would not have furthered that effort. Counsel argued to the jury that the police knew defendant was a car thief, which explained their motivation "to take him down" when Torian offered to assist them in order to avoid his own lengthy prison sentence. Counsel argued the police did so by subtly suggesting to the victims, especially the victim of the gas station robbery, that defendant was the culprit, thereby influencing the victim's identification of defendant, and lying about their efforts at trial.

6

Counsel thus wanted the jury to consider defendant's criminal history for reasons beyond his credibility. He wanted to establish defendant as a car thief, and only a car thief.

While defense counsel's trial strategy was readily apparent, there is nothing in the record that would permit us to accept the State's argument that counsel's failure to move for severance of the carjacking counts was similarly strategically motivated. Although that is obviously possible given the trial strategy, it is not clear it was a necessary component.

And we are not nearly so sanguine as the PCR court that a severance motion by defendant would, or should, have been denied. That Gerena's motion for severance was denied is not, of course, dispositive as the brothers were not charged with the same crimes. Defendant was not charged in connection with the carjacking at UMDNJ. We are not prepared to say the evidence relating to that crime would be admissible under N.J.R.E. 404(b) in the trial of the gas station robbery, for which only defendant was on trial, see State v. Sterling, 215 N.J. 65, 73 (2013), or if admissible, to prove identity, for instance, that its probative value would not be outweighed by its prejudice, see Cofield, 127 N.J. at 338, particularly as "less-prejudicial admissible evidence" on that issue —

defendant's identification by the victim and Torian — was available, see Sterling, 215 N.J. at 100.

We need not consider the question further, however, as we deem it appropriate to remand the issue for the PCR court to hold an evidentiary hearing as the reasons for counsel's decision to forego a severance motion plainly lie outside the trial record. See State v. Preciose, 129 N.J. 451, 462 (1992). An evidentiary hearing will permit the PCR court to hear from defense counsel regarding the reasons for his decision to forego a severance motion and to consider whether defendant suffered any prejudice. Id.

Finally, we do not suggest by our discussion that defendant has proved he received less than very competent representation or that he was in any way prejudiced by the representation he received. To the contrary, we note that defendant was not convicted of the most serious charge of the indictment, first-degree robbery, and was acquitted of several others, including the gun charges, despite significant evidence against him. Defendant's counsel may well have been pursuing a consciously chosen strategy that resulted in considerable success at trial. Defendant has only established the right to explore at an evidentiary hearing whether that was indeed the case and to have a court

consider the merits of his ineffective assistance claim limited to the issue of counsel's decision not to pursue severance of the carjacking counts.

Affirmed in part, vacated in part, and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION